Filed 7/19/22  P. v. Lubich CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B312845 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. SA095699 |
| MARTIN LIBICH, | |
| Defendant and Appellant. | |

APPEAL from a probation order of the Superior Court of Los Angeles County, Upinder Kalra and Yvette Verastegui, Judges. Affirmed and remanded with directions.

David R. Greifinger, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and David F. Glassman, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

This is defendant Martin Libich's second appeal stemming from his convictions for aiding and abetting the stalking and electronic harassment of his ex-girlfriend and the electronic harassment of his child. In this appeal, Libich contends the court erred when it imposed a four-year probation term, arguing that his felony stalking conviction is subject to the new two-year limit on probation terms for most felonies under Penal Code[1] section 1203.1, subdivision (a), as that statute was amended by Assembly Bill No. 1950 (2019–2020 Reg. Sess.) (A.B. 1950). Libich also contends the court violated section 654 when it imposed a four-year probation term, arguing his maximum possible sentence is three years. We reject Libich's arguments but remand the matter for the court to clarify whether it intended to grant formal or summary probation.

# BACKGROUND[2]

The People charged Libich with one count of felony stalking (§ 646.9, subd. (a); count 1) and two counts of misdemeanor electronic harassment (§ 653.2, subd. (a); counts 3 & 4). The information named Libich's ex-girlfriend and mother of Libich's child as the victim in counts 1 and 3 and Libich's child as the victim in count 4. After a jury trial, Libich was convicted as charged.

The court (Judge Upinder Kalra) suspended imposition of sentence for count 1 and placed Libich on five years' formal probation. Among other probationary terms, Libich was required

---

[1] All undesignated statutory references are to the Penal Code.

[2] A detailed summary of the facts underlying Libich's convictions is included in our prior opinion. (*People v. Libich* (Apr. 22, 2021, B298370) [nonpub. opn.].)

to serve 270 days in county jail, perform 30 days of community service, and complete a 52-week domestic violence treatment program followed by psychological counseling for the remainder of the probation period. For counts 3 and 4, imposition of sentence was suspended and Libich was placed on three years' summary probation, to run concurrently with probation for count 1.

After we affirmed Libich's stalking conviction (*People v. Libich* (Nov. 17, 2020, B298370) [nonpub. opn.]), the California Supreme Court granted his petition for review and transferred the matter to us with directions to vacate our prior opinion and reconsider the matter in light of A.B. 1950, which the Governor signed into law while Libich's appeal was pending. We vacated our prior opinion and again affirmed Libich's stalking conviction, while vacating the probation order and remanding the matter with directions for the trial court to reconsider that order under A.B. 1950. (*People v. Libich, supra,* (Apr. 22, 2021, B298370).)

The court (now Judge Yvette Verastegui) held the resentencing hearing over two days in May 2021.[3] At the first hearing, held on May 4, 2021, the court explained that all three of Libich's convictions involved domestic violence and were exempt from A.B. 1950's new limitations on the length of probation terms for most misdemeanors and felonies.

At the second hearing, held on May 17, 2021, the court indicated it intended to place Libich on four years' probation, consisting of "three for the initial charge, and the additional year for the misdemeanor, so three for the felony and one for the misdemeanor for a total of four." Defense counsel did not "disagree[]" with the court's finding that Libich's convictions were

---

[3] Libich was not present at either hearing, but he was represented by counsel.

exempt from A.B. 1950's new limitations on probation terms, but he argued the court was precluded from imposing a consecutive probation term for either of Libich's misdemeanor electronic harassment convictions. The court rejected counsel's argument, explaining that it was "looking at the maximum exposure for this case, and that's where the court is coming up with the four years."

The court then stated, "So at this point, [Libich] will be placed on four years of summary probation." The court's minute order from the May 17, 2021 resentencing hearing, however, states that the "[p]robation term will [now] be 4 years *formal* probation, which is defendant['s] maximum sentence pursuant to Penal Code 1203.1(m)(1)." (Italics added.) The court did not indicate it was modifying any other terms of Libich's probation.

Libich appeals.

## DISCUSSION

### 1. Libich's convictions are not subject to A.B. 1950's limitations on the length of probation terms.

Libich asserts the court imposed an "unauthorized sentence" when it set the length of his probation at four years. In Libich's view, the two-year limitation on probation terms for most felonies under section 1203.1, subdivision (a) applies to his stalking conviction. We disagree. Because Libich's stalking conviction involves domestic violence, it is subject to a minimum three-year probation term under section 1203.097. Accordingly, the two-year probation limitation for most felonies does not apply in this case. (See § 1203.1, subd. (l)(1).)

We independently interpret a statute. (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) Our primary task is to determine the Legislature's intent in enacting the statute. (*People v. Forester* (2022) 78 Cal.App.5th 447, 453 (*Forester*).) We begin with the

4

statute's language, giving it a plain and commonsense meaning. (*Ibid*.) We don't consider the statute in isolation, but in its larger context as part of an overarching statutory framework to determine the statute's scope and purpose. (*Ibid*.) If the statute's language is clear and unambiguous, we generally follow its plain language. (*Ibid*.) Where more than one reasonable interpretation of the statute exists, we may consider other aids, including the statute's purpose, its legislative history, and public policy, to reach a construction that most closely adheres to the Legislature's apparent intent in enacting the statute. (*Id*. at pp. 453–454.)

A.B. 1950 amended section 1203.1 to limit the maximum probation term that may be imposed for most felonies. (*Forester*, *supra*, 78 Cal.App.5th at p. 451.) Before A.B. 1950 went into effect, courts could impose felony probation for no longer than the "maximum possible term of the sentence" unless the maximum possible sentence was "three years or less," then probation could continue "for not over five years." (Former § 1203.1, subd. (a); *Forester*, at pp. 451–452.) Now, subject to some exceptions, felony probation may not exceed two years. (§ 1203.1, subd. (a).)[4] In our prior opinion, the parties agreed, and so did we, that A.B. 1950's new limitations on probation terms apply retroactively to cases like Libich's that were not final when the new law became effective on January 1, 2021.

---

[4] Similarly, A.B. 1950 amended section 1203a to limit the maximum probation term that may be imposed for most misdemeanors to one year. (§ 1203a, subd. (a); *People v. Flores* (2022) 77 Cal.App.5th 420, 428.)

An exception to section 1203.1's two-year limit on felony probationary periods is relevant here. (See § 1203.1, subd. (l).)[5] Specifically, the two-year limitation does not apply to any offense "that includes specific probation lengths within its provisions." (§ 1203.1, subd. (l)(1).)[6]

Section 1203.097 establishes a specific probation length for domestic violence offenses: "If a person is granted probation for a crime in which the victim is a person defined in Section 6211 of the Family Code, the terms of probation shall include all of the following: [¶] … A minimum period of probation of 36 months, which may include a period of summary probation as appropriate." (§ 1203.097, subd. (a)(1).) Section 1203.097 does not apply only to the substantive offense of "domestic violence." (*Forester*, *supra*, 78 Cal.App.5th at p. 453.) Instead, it applies " 'to any person placed on probation for a crime if the underlying facts of the case involve domestic violence, even if the statute defining the crime does not specifically refer to domestic violence.' " (*Ibid.*)

Under Family Code section 6211, a crime involves domestic violence if the defendant perpetrates abuse against any of the following persons: (1) a spouse or former spouse; (2) a cohabitant or former cohabitant; (3) a person with whom the defendant is having or has had a dating or engagement relationship; (4) a person with whom the defendant has had a child, where the presumption applies that the male parent is the father of the child of the female parent under the Uniform Parentage Act; (5) a child of a party; and (6) any other person related by

---

[5] In May 2021, when the court held the resentencing hearing, the language that now appears in section 1203.1, subdivision (l) appeared in former section 1203.1, subdivision (m).

[6] The same exception applies to misdemeanors. (§ 1203a, subd. (b).)

consanguinity or affinity within the second degree. (Fam. Code, § 6211.)

In challenging his probation term, Libich doesn't dispute that his stalking conviction involves domestic violence. Indeed, all of Libich's convictions involve domestic violence because his victims fall within the scope of Family Code section 6211. In count 1, Libich was found guilty of stalking his ex-girlfriend, who is also the mother of his child. (Fam. Code, § 6211, subds. (c) & (d); see also *Forester*, *supra*, 78 Cal.App.5th at pp. 450–451, 458 [felony stalking of defendant's ex-wife and mother of his child was a crime of domestic violence].) In counts 3 and 4, Libich was found guilty of electronically harassing his ex-girlfriend and his child. (See Fam. Code, § 6211, subds. (c), (d) & (e); see also *id.*, §§ 6203 ["abuse" for purposes of domestic violence statute includes conduct that may be enjoined under Family Code section 6320] & 6320 [court may enjoin the defendant from "stalking" and "harassing" the petitioning party and other household members].)[7]

Instead, Libich contends his stalking conviction is subject to A.B. 1950's two-year limitation on the length of probation terms for most felonies because, although section 1203.097

---

[7] Libich claims the court found his felony stalking conviction was a crime of domestic violence but did not address whether his misdemeanor electronic harassment convictions also involved domestic violence. We disagree. At the first resentencing hearing, when explaining why Libich's convictions were crimes of domestic violence and therefore exempt from A.B. 1950's new limitations on the length of probation for most misdemeanors and felonies, the court noted that Libich committed his offenses against his child and his ex-girlfriend. Since Libich's ex-girlfriend was the only victim named in count 1 for felony stalking, and Libich's ex-girlfriend *and* his child were named as victims in counts 3 and 4 for electronic harassment, it is apparent that the court found Libich's convictions for felony stalking *and* misdemeanor electronic harassment involve domestic violence.

7

requires a minimum three-year probation term for crimes involving domestic violence, the statute defining his conviction—i.e., section 646.9, subdivision (a) for stalking—does not establish a minimum length of probation. This argument has already been rejected in at least two published decisions, both of which we agree with. (*Forester*, *supra*, 78 Cal.App.5th at pp. 450–458; *People v. Rodriguez* (2022) 79 Cal.App.5th 637, 642–645 (*Rodriguez*).)

To be sure, section 646.9, subdivision (a) does not establish a specific probation term for felony stalking. But, as we explained above, section 1203.097 establishes a minimum three-year probation term for *any* offense that involves domestic violence within the meaning of Family Code section 6211. Thus, when a crime involves domestic violence, like Libich's conviction for stalking, that offense is subject to a specific length of probation—i.e., a minimum of three years. (*Forester*, *supra*, 78 Cal.App.5th at p. 453 [section 1203.097 applies to a crime where the underlying facts involve domestic violence, even if the statute defining the elements of the crime does not specifically refer to domestic violence].)

As the court in *Rodriguez* observed, the Legislature often sets forth the elements of a crime and the penalties attendant to the commission of that crime in separate statutes, such that those provisions " 'operate in tandem to define the crime and its consequences.' " (*Rodriguez*, *supra*, 79 Cal.App.5th at p. 644.) In other words, an offense is defined not just by the statute that establishes its elements but also by the statute that establishes its punishment. (*Forester*, *supra*, 78 Cal.App.5th at p. 454 ["Our case law reinforces the long-standing notion that it is the combination of a prohibited act and a punishment, in tandem, that compose an offense."].) Thus, when sections 646.9 and 1203.097 are read together, it's clear that stalking involving

8

domestic violence is an "offense that includes specific probation lengths within its provisions." (§§ 1203(a), subd. (b) & 1203.1, subd. (l)(1); *Forester*, at pp. 455–456.)

Indeed, to adopt Libich's narrow interpretation of A.B. 1950's exception to the limits on probation periods would mean the Legislature intended to implicitly repeal section 1203.097. That is, since section 1203.097 does not, by itself, define the elements of any offense, reading section 1203.01, subdivision (l)(1) to apply only to statutes that establish within their provisions both the elements of the underlying offense and a specific length of probation would render section 1203.097, subdivision (a)'s establishment of a minimum three-year term of probation for crimes involving domestic violence meaningless. But nothing on the face of section 1203.01, or in the legislative history surrounding A.B. 1950's enactment, indicates the Legislature intended to repeal section 1203.097, subdivision (a). (*Forester*, *supra*, 78 Cal.App.5th at pp. 456–457.)

As our Supreme Court has instructed, we presume that when enacting the statute in question, the Legislature did not intend to repeal another statute by implication. (*Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, 838.) Instead, where it is reasonable to do so, courts must harmonize statutes, reconcile any inconsistencies among them, and construe them to give force and effect to all their provisions. (*Ibid*.) Reading section 1203.01, subdivision (l)(1) to apply to crimes that fall within the scope of section 1203.097 harmonizes both statutes. (*Forester*, *supra*, 78 Cal.App.5th at p. 456.)

In short, we agree with *Forester* and *Rodriguez* that crimes involving domestic violence are subject to "specific probation lengths" under section 1203.097. (*Forester*, *supra*, 78 Cal.App.5th at pp. 457–458; *Rodriguez*, *supra*, 79 Cal.App.5th at pp. 642–

9

645.) Accordingly, section 1203.1, subdivision (a)'s two-year probation term limitation for most felonies does not apply in this case.[8]

## 2. Section 654's bar against multiple punishment does not apply to the court's probation order.

Libich next contends the court erred when it set his probation term at four years based on his stalking conviction and one of his electronic harassment convictions, claiming the probation term violates section 654's proscription against multiple punishment. This argument is misguided.

Under section 654, "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." (§ 654, subd. (a).) The statute applies not only where there was one "act" in the ordinary sense, but also where an indivisible course of conduct violated more than one statute. (*Neal v. State of California* (1960) 55 Cal.2d 11, 19.)

But section 654 is implicated only if a court imposes punishment. (*People v. Wittig* (1984) 158 Cal.App.3d 124, 137 (*Wittig*).) It is well settled that when a court grants probation, it does not impose any punishment. (*People v. Moran* (2016) 1 Cal.5th 398, 402 [" 'Probation is neither "punishment" [citation] nor a criminal "judgment" [citation].' "].) Rather, a grant of

---

[8] For the same reasons we just discussed, Libich's misdemeanor electronic harassment convictions, each of which involves domestic violence, are not subject to section 1203a's one-year probation term limitation for most misdemeanors. (See § 1203a, subd. (b) ["The one-year probation limit in subdivision (a) shall not apply to any offense that includes specific probation lengths within its provisions."].)

probation "is an act of grace and clemency designed to allow rehabilitation." (*People v. Stender* (1975) 47 Cal.App.3d 413, 425, overruled on other grounds in *People v. Martinez* (1999) 20 Cal.4th 225, 240.) Thus, an order granting probation ordinarily "is not within the ambit of the double punishment proscription of … section 654." (*Stender*, at p. 425; see also *Wittig*, at p. 137 [because probation was granted and punishment was never imposed, "there [was] no double punishment issue"] .)

When the court entered its initial probation order in April 2019, it suspended imposition of Libich's sentence and placed him on five years' formal probation. At that hearing, the court declined to make a finding as to whether section 654 prohibited imposition of multiple terms of punishment for Libich's convictions, noting that such an issue "would be something to be addressed at a future hearing if sentence is imposed." At the May 17, 2021 resentencing hearing, the court modified only the length of Libich's probation term.

Because the court suspended imposition of Libich's sentence and granted probation, it has yet to impose any punishment. Accordingly, any claim that the court's probation order violates section 654 is not ripe and, as a result, does not present a justiciable controversy. (See *Wittig*, *supra*, 158 Cal.App.3d at p. 137 [a challenge under section 654 should be "presented to a court upon any future attempt to impose a double punishment … in the event of a probation violation"].) We therefore don't address this argument any further.

11

### 3. Remand is necessary to allow the court to clarify the nature of Libich's probation.

Although we reject Libich's arguments challenging the court's probation order, we nevertheless must remand the matter because we are unable to determine whether the court intended to grant summary or formal probation.

A grant of summary, or informal, probation " 'is a "conditional sentence." ' " (*People v. Kaufman* (2017) 17 Cal.App.5th 370, 396.) Conditional sentences apply only to misdemeanors. (*Ibid.*; see also *People v. Glee* (2000) 82 Cal.App.4th 99, 104 [" 'Conditional sentences are authorized only in misdemeanor cases.' "].) Thus, courts lack the authority to grant summary probation for a felony conviction. (*Kaufman,* at p. 396.)

Libich's stalking conviction is a "wobbler," which may be punished by either imprisonment in county jail, by a fine, by "both that fine and imprisonment," or "by imprisonment in the state prison." (§ 646.9.) In other words, Libich's stalking conviction may be punished as either a felony or a misdemeanor. (*Kaufman, supra,* 17 Cal.App.5th at p. 396.) Under section 17, "a felony automatically converts to a misdemeanor when the judgment imposes a punishment other than imprisonment under the provisions of section 1170, subdivision (h)." (*Kaufman,* at p. 396.) Thus, when a court orders summary probation—a form of probation authorized only for misdemeanors—we generally construe that order as a classification of defendant's offense as a misdemeanor. (*Ibid.*)

Based on the record before us, it is not clear whether Judge Verastegui intended to grant formal or summary probation for Libich's felony stalking conviction. When Judge Verastegui reduced the length of Libich's probation term at the May 17, 2021 hearing, she stated that Libich would be placed on four years of

summary probation. Judge Verastegui also scheduled a three-month progress hearing on Libich's probation without requiring him to regularly report to a probation officer, which suggests she intended to impose summary probation. (§ 1203, subd. (a) [a conditional sentence is "subject to conditions established by the court *without the supervision of a probation officer*" (italics added)].)

But in the minute order from the May 17, 2021 hearing, Judge Verastegui ordered Libich's new probation term to "be 4 years formal probation, which is [Libich's] maximum sentence pursuant to Penal Code [section] 1203.1, subdivision (m)(1)." As we explained above, section 1203.1 establishes the general terms of probation for felony convictions. (*Forester*, *supra*, 78 Cal.App.5th at pp. 451–452.) Thus, the May 17, 2021 minute order suggests Judge Verastegui intended to impose formal probation.

In addition, when explaining how she calculated the length of probation, Judge Verastegui stated it would consist of three years "for the felony" and one year "for the misdemeanor," suggesting she did not intend to reduce Libich's stalking conviction to a misdemeanor. And, at the end of that hearing, Judge Verastegui authorized Libich to travel out of state for several days, while "order[ing] him to report to his probation officer within 48 hours of his return," which also suggests she intended to impose formal probation. (§ 1203, subd. (a) [formal probation is subject to supervision by a probation officer].)

Finally, at the original sentencing hearing on April 30, 2019, Judge Kalra placed Libich on formal probation. While Judge Verastegui stated Libich would be placed on four years of "summary" probation, she didn't otherwise indicate at the May 4, 2021 and May 17, 2021 hearings that she intended to reduce the felony stalking conviction to a misdemeanor or change the nature

13

of Libich's probation from formal to summary under section 17, subdivision (b).

Because we are unable to determine whether Judge Verastegui intended to grant summary or formal probation for the stalking conviction, we remand the matter to allow the court to clarify the nature of Libich's probation. (See *People v. Eddards* (2008) 162 Cal.App.4th 712, 717–718 [limited remand appropriate to allow trial court to clarify terms of its probation order]; see also *People v. Benton* (1979) 100 Cal.App.3d 92, 102 [when a sentencing mistake is discovered while the appeal is pending, the reviewing court "should remand the case for a proper sentence."].)[9]

---

[9] In light of our disposition, we need not address Libich's remaining arguments.

## DISPOSITION

The matter is remanded for the court to clarify whether it granted summary or formal probation for the stalking conviction. In all other respects, we affirm.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


LAVIN, J.

WE CONCUR:


EDMON, P. J.


EGERTON, J.